Decided March 16, 1989

687

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOSE C. MAFNAS, | ) | CV. NO. 88-0030 |
| Plaintiff, | ) | |
| v. | ) | |
| ALFRED LAURETA, et al., | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILFRED S. REYES, | ) | CV. NO. 88-0032 |
| Plaintiff, | ) | |
| v. | ) | |
| WILLIAM H. MILLARD, PATRICIA H. MILLARD, JERRY W. CROWE, MARY A. CROWE, MARIAN ALDAN PIERCE, and ANTONIO S. GUERRERO, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANSELMO CELIS IGLESIAS, | ) | CV. NO. 88-0033 |
| Plaintiff, | ) | |
| v. | ) | |
| JACK LAYNE, ROGER GRIDLEY, REALTY TRUST CORPORATION, BONITA VISTA PROPERTIES, LTD. and JUAN DOE 1 through JUAN DOE 25, | ) | |
| Defendants. | ) | |

DECISION

MARIAN D.L.G. TUDELA,                        )      CV. NO. 88-0034
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )
                                             )
JACK LAYNE, ROGER GRIDLEY,                   )
REALTY TRUST CORPORATION,                    )
BERNIE S. CABRERA, OLEAI                     )
INVESTMENTS, LTD., FRANCISCO A.              )
CAMACHO, GEORGE A. HABERMAN,                 )
ELIZABETH RECHEBEI, and CARMEN U.)
HOFSCHNEIDER, and JUAN DOE 1                 )
through JUAN DOE 25,                         )
                                             )
          Defendants.                        )
─────────────────────────────────────────── )
                                             )
GREGORIO P. CASTRO,                          )      CV. NO. 88-0035
                                             )
          Plaintiff,                         )
     v.                                      )
                                             )
JACK LAYNE, ROGER GRIDLEY, KIM               )
BACHELLER, REALTY TRUST                      )
CORPORATION, CARENCE                         )
CORPORATION, OCEAN VIEW                      )
PROPERTIES CORPORATION, and                  )
KAMOSHITA MARIANAS ENTERPRISES,              )
INC.,                                        )
                                             )
          Defendants.                        )
─────────────────────────────────────────── )
                                             )
JESUS A. KAY and                             )      CV. NO. 88-00037
DOLORES KAI TUDELA,                          )
                                             )
          Plaintiffs,                        )
                                             )
     vs.                                     )
                                             )
RICHARD MICHAEL JONES, et al.,               )
                                             )
          Defendants.                        )
─────────────────────────────────────────── )

# DECISION

Plaintiffs in these actions are indigenous persons of the Northern Mariana Islands. They or their predecessors in title sold land to indigenous defendants who then leased the land to the non-indigenous defendants. Plaintiffs brought separate suits in the Commonwealth Trial Court seeking declaratory judgments that the purchase of land by indigenous persons for the purpose of leasing it to non-indigenous persons violates Article XII of the Commonwealth Constitution.

Defendants removed the actions to District Court alleging that the suits involved federal questions. Plaintiffs have moved to remand.

Plaintiff [1] by his complaint seeks a declaratory judgment that the warranty deed from plaintiff to defendant is void ab initio and that plaintiff is the owner of the land. According to the factual recitation set out in the complaint, the non-indigenous defendant supplied the indigenous defendant with money to purchase land. The indigenous defendant then leased the land, as per the parties' agreement, to the non-indigenous defendant. Plaintiff asserts that this arrangement violates the strictures of Article XII, Sections 1 and 6 of the Commonwealth Constitution. [2]

Defendants removed the action based on their belief that the issues presented in plaintiff's complaint are issues of federal law. They contend that since plaintiff's complaint seeks declaratory relief the Court must look not only to the

**690**

legal basis of the complaint, but must also consider the competing legal basis which supports defendants' position. Defendants contend that their right to the land turns on issues of federal law.

## ANALYSIS

Federal courts have exercised removal jurisdiction for more than one hundred years. The Federal Rules of Civil Procedure provide a statutory framework to carry this out.

Title 28 U.S.C. §1441 states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..., to the district court of the United States for the district and division embracing the place where such action is pending.

The rule authorizes a defendant to remove from Commonwealth Court [3/] any action which originally could have been filed in the District Court. The Court initially looks to the complaint to determine whether it sets forth a federal cause of action. This principle, known as the "well-pleaded complaint rule," provides that federal jurisdiction exists only when an action cognizable under the limited authority granted to the federal district courts is presented on the face of plaintiff's properly pleaded complaint. Defendant's answer or counterclaim raising federal questions is not, normally, considered by the district court in determining whether the case can be removed to the

**691**

federal court; it is only plaintiff's complaint. Thus, plaintiff is the master of the claim and can avoid being whisked into district court and instead prosecute his action before the state court by relying exclusively on state law. One exception to this rule is the "artful pleading doctrine" which holds that a plaintiff cannot defeat removal by masking or artfully pleading a federal claim as a state claim.

These principles authorize removal only where plaintiff's complaint sets out:

1)  an action against a foreign state.
    28 U.S.C. §1330; or

2)  an action arising under the
    Constitution, laws, or treaties of
    the United States.  28 U.S.C. §1331;
    or

3)  an action involving citizens of
    different states, or between a citizen
    of a foreign state and where the amount
    in controversy exceeds $10,000.
    28 U.S.C. §1332.

Plaintiffs' complaints in these cases do not allege that a foreign country or a foreign national are involved. Nor do they involve diversity of citizenship because all plaintiffs allege to be CNMI citizens and some defendants in each action are also CNMI citizens. The only authority allowing removal then is 28 U.S.C. §1331, Federal Questions.

Section 1331 grants original jurisdiction in the district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States."

**692**

Plaintiffs' complaints in these actions seek to undo land transfers allegedly executed in violation of Article XII of the CNMI Constitution. Article XII prohibits non-indigenous persons from holding long-term interest in real, property which plaintiffs allege has been accomplished by series of intricate land transfers. Plaintiffs cite Article XII as the proscription against such maneuvers.

Defendants contend that the underlying justification for upholding Article XII of the CNMI Constitution is Section 805 of the Covenant. Section 805 specifically provides that the CNMI government would restrict land alienation for at least 25 years.[4/] According to defendants, it is the Covenant not the Constitution which forms the basis of these lawsuits since it is the Covenant which authorizes the land alienation restriction found in Article XII.

The difficulty the Court perceives in defendants' argument is the tracing of Article XII to Section 805. Though the Court agrees that Article XII is a derivative of Section 805, the Covenant and the Constitution are two separate and distinct documents. All Constitutional questions would in fact ultimately be Covenant questions based on this reasoning because it is Covenant Section 201 which mandates that the Commonwealth adopt a constitution. Any constitutional provision ultimately derives its authorization from Section 201.

An analogy to defendants' argument would be an action brought to enforce a State Constitutional provision or a state

**693**

law. Since all powers not reserved by the federal government in the federal Constitution are reserved to the States, any State law or State Constitutional provision can be traced to this provision in the federal Constitution. Thus, under defendants' line of reasoning, all claims are ultimately federal, either they are brought under a federal law directly or they are brought indirectly under a state law which authority is derived from the United States Constitution.

Defendants contend, however, that based on the fact that this is a declaratory judgment action, the Court should look carefully to defendants' conflicting claims. Thus, defendants argue, the federal constitutional provisions which prohibits the alienation of land based on national origin which support defendants' claim to the land should be considered by the Court in determining whether this case should remain in this court. Defendants further point out that Section 805 of the Covenant, a federal law, specifically supports the ownership of leasehold interests by non-indigenous persons. Finally, defendants argue that 48 U.S.C. §1681, which was the Congressional grant of authority for the Covenant, is also brought into issue and that it is a federal law as well.

The Court is persuaded that defendants' legal analysis is correct; the fact that this is a declaratory judgement action requires that this Court go beyond the well-pleaded complaint and look to the basis of defendants' competing claims in the land to determine whether this case should remain in the

District Court. However, the Court's analysis of the defendants' competing claims is different from defendants.

Defendants argue on this motion that the legal basis supporting their claim to this land is the federal constitution, the Covenant, and 48 U.S.C. § 1681. The Court does not perceive the case in this light.

Defendants' answer alleges that they have fully complied with the mandates of Article XII in that the land was sold from one indigenous person to another for valuable consideration and that the land was then leased to a non-indigenous person under a short-term lease. Defendants do not contend that the land was owned at any time by a non-indigenous person. Their proposed challenge to Article XII based on notions of federal constitutional law are not a part of the nucleus of this dispute.

Defendants' reliance on the Covenant and 48 U.S.C. §1681 are also irrelevant. Defendants allege that they complied with the mandates of the Covenant. Section 1681 of Title 48, United States Code, is merely the authority relied upon to enter into the Covenant. It is not a substantive issue in this suit which goes to the issue of whether supplying an indigenous person with the means to acquire land which will then be leased to a non-indigenous person violates Article XII.

Defendant Laureta has raised in issue whether plaintiff Mafnas' motion for remand was timely pursuant to Section 1016 of Public Law 100-702. Under the former rule, 28 USC §1447(c), a

**695**

remand motion could be entertained by the district court at "any time before final judgment." Under Public Law 100-702, remand motions based on any ground other than lack of subject matter jurisdiction must be filed within thirty days of removal. Laureta alleges that this motion fits within Section 1016 and was filed beyond the thirty-day limit. The Court does not read the basis of the motion as defendant does. Further, even assuming it did, it would be improvident to retain this action when the Court has ruled that the others should be remanded.

Because the matters have been remanded, plaintiffs' motions to consolidate will not be decided by this Court.

Plaintiffs' belated motion for sanctions can also be heard in the trial court since that court will be exercising jurisdiction over the proceedings henceforth.

Dated this _____ day of March, 1989.

CRISTOBAL C. DUENAS, Designated Judge
U.S. District Court for the Northern
Mariana Islands

696

1/ The Court will refer to one plaintiff and one complaint throughout; however, the decision and order applies to all six cases.

2/ Article XII, Sections 1 and 6 of the Commonwealth Constitution, respectively, provide as follows:

Section 1:  Alienation of Land.

The acquisition of permanent and long-term interests in real property within the Commonwealth shall be restricted to persons of Northern Marianas decent.

* * *

Section 6:  Enforcement.

Any transaction made in violation of Section 1 shall be void ab initio. Whenever a corporation ceases to be qualified under Section 5, a permanent or long-term interest in land in the Commonwealth acquired by the Corporation after the effective date of this amendment shall be immediately forfeited without right of redemption to the government of the Commonwealth of the Northern Mariana Islands. The Registrar of Corporation shall issue regulations to ensure compliance and the legislature may enact enforcement laws and procedures.

3/ The parties agree that 28 U.S.C §1441 applies and the District Court of the Northern Mariana Islands follows the same removal procedure as the federal district courts of the several states.

697

4/ Section 805 provides:

     Except as otherwise provided in this Article, and notwithstanding the other provisions of this Covenant, or those provisions of the Constitution, treaties or laws of the United States applicable to the Northern Mariana Islands, the Government of the Northern Mariana Islands, in view of the importance of the ownership of land for the culture and traditions of the people of the Northern Mariana Islands, and in order to protect them against exploitation and to promote their economic advancement and self-sufficiency:

     (a) will until twenty-five years after the termination of the Trusteeship Agreement, and may thereafter, regulate the alienation of permanent and long-term interests in real property so as to restrict the acquisition of such interests to persons of Northern Mariana Islands descent; and

     (b) may regulate the extent to which a person may own or hold land which is now public land.